\*\*Original filed 9/25/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRED LEON JACKSON, | ) | No. C 05-4557 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL; DENYING PLAINTIFF'S MOTIONS AS MOOT |
| vs. | ) ) | |
| S. GOMEZ, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 2, 5) |

Plaintiff, an inmate at Salinas Valley State Prison proceeding pro se, filed a civil rights complaint alleging that Defendants conspired together and failed to process his administrative appeal regarding his claim for damages to his AM/FM CD player during a cell search. Plaintiff has filed a motion to proceed in forma pauperis and a motion for a temporary restraining order. The Court concludes that Plaintiff's claims are not cognizable under § 1983 and will DISMISS the complaint. Based upon the dismissal, the Court will DENY Plaintiff's motion to proceed in forma pauperis and motion for a temporary restraining order (docket nos. 2, 5) as moot.

\\\

\\\

**BACKGROUND**

Plaintiff complains that Salinas Valley State Prison officials conspired and failed to process his prison administrative appeal concerning his claim for damage to his AM/FM CD player during a cell search. Plaintiff alleges that his access to the courts has been hindered due to Defendants' failure to process his administrative appeal. He names the following Defendants in his complaint: S. Gomez, Correctional Counselor at Salinas Valley State Prison; N. Grannis, Chief of Inmate Appeals, California Department of Corrections and Rehabilitation; and T. Variz, Correctional Counselor at Salinas Valley State Prison. Plaintiff seeks compensatory and punitive monetary damages, injunctive relief and a declaratory judgment.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id</u>. at 1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693, 697 (1976). A "'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Terracom v. Valley National Bank</u>, 49 F.3d 555, 558 (9th Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

B.      Plaintiff's Claims

Plaintiff alleges that Defendants conspired and failed to process his administrative appeal concerning damage to his personal property, an AM/FM CD player, during a cell search. Plaintiff maintains that he was injured by Defendants' actions because he cannot file a government tort claim and that his access to the courts was hindered by the screening out of his inmate administrative appeal.

Although Plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under 1983 if the allegations are mere conclusions. See Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976); Fisher v. Flynn, 598 F. 2d 663, 665 (1st Cir. 1979). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Here, Plaintiff makes the conclusory allegation that the Defendants actions were based upon a conspiracy to prevent Plaintiff from filing an administrative appeal. However, he has presented no facts from which such a conclusion might be drawn. The Court concludes that Plaintiff's conspiracy claim concerning Defendants' failure to process his administrative appeals for damage to his personal property is not cognizable under § 1983. "'A mere allegation of conspiracy without factual specificity is insufficient.'" Johnson v. California, 207 F.3d 650, 655 (9th Cir.2000) (quoting Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988)) (claims under 42 U.S.C. § 1985(3)). Here, Plaintiff makes nothing more than a bare allegation of a conspiracy and thus fails to state a claim.

Even assuming that Plaintiff could allege specific facts to establish a conspiracy among the Defendants, there is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v.

Order of Dismissal; Denying Plaintiff's Motions as Moot
P:\pro-se\sj.jf\cr.05\Jackson557dis

Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions).

California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.[1] The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same). A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. See Buckley, 997 F.2d at 495; see also Ramirez, 334 F.3d at 860 (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Plaintiff also claims that his access to the courts has been hindered due to Defendants' failure to process his administrative appeal. The right of meaningful access to the courts extends to established prison grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); accord Hines v. Gomez, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the

---

[1] See Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, et seq. (applicable to state prisons).

1   government for redress of grievances, <u>see id.</u> at 333, and protects both the filing, <u>see id.</u>,
2   and content, <u>see</u> <u>Bradley</u>, 64 F.3d at 1279, of prison grievances.  Regulations which
3   punish an inmate for using "hostile, sexual, abusive or threatening" language in a written
4   grievance, for example, are not reasonably related to penological interests and therefore
5   violate the First Amendment.  <u>See id.</u> at 1279-82.

6        Prisoners have a constitutional right of access to the courts.  <u>See</u> <u>Lewis v. Casey</u>,
7   518 U.S. 343, 350 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).  The right of
8   access to the court is limited to the initiation of a court action.  The state is not required to
9   enable the prisoner to discover grievances or to litigate effectively once in court.  <u>See</u>
10  <u>Lewis</u>, 518 U.S. at 354.  The right of access to the courts requires the state to provide the
11  prisoners with the capabilities to attack their sentences directly or collaterally and to file
12  § 1983 claims challenging the conditions of their confinement.  <u>See</u> <u>Lewis</u>, 518 U.S. at
13  355.[2]  "Impairment of any other litigating capacity is simply one of the incidental (and
14  perfectly constitutional) consequences of conviction and incarceration."  <u>Id.</u>[3]  Although
15  there certainly is a right to petition the government for redress of grievances (a First
16  Amendment right), there is no right to a response or any particular action.  <u>See</u> <u>Flick v.</u>
17  <u>Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for
18  redress ... is not compromised by the prison's refusal to entertain his grievance.").

19       Here, Plaintiff's right to access the courts does not include the initiation of a court
20  action concerning the underlying claim at issue here - a tort claim for damage to personal
21  property, rather than a challenge to the conditions of his confinement or his criminal

---

[2] The <u>Lewis</u> decision was ambiguous as to whether the state must provide the tools necessary for inmates to file state law claims in federal or state court concerning their conditions of confinement.  <u>See</u> <u>Lewis</u>, 518 U.S. at 354-60.

[3] For example, a state need not accommodate prisoners' desires to pursue tort claims for slip-and-falls or shareholder derivative suits.  <u>See</u> <u>Lewis</u>, 518 U.S. at 355; <u>see also</u> <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (state official's refusal to transport prisoner to court for a state civil trial that is unrelated to the cause or conditions of the detention does not violate prisoner's constitutional right of access to the courts).

Order of Dismissal; Denying Plaintiff's Motions as Moot
P:\pro-se\sj.jf\cr.05\Jackson557dis

1  conviction. Additionally, Plaintiff has no right to a response or a particular action from
2  the prison grievance process itself. See Flick, 932 F.2d at 729 .

3      Although the Court generally grants leave to amend after an initial screening of a
4  complaint under 28 U.S.C. 1915A, the Court concludes that here, leave would serve no
5  purpose as a viable civil rights claim cannot be made concerning Plaintiff's allegations
6  concerning the failure to process his administrative appeal. Accordingly, the instant
7  complaint is DISMISSED for failure to state a cognizable claim under § 1983. Plaintiff's
8  motions (docket nos. 2, 5) are DENIED as moot.

## CONCLUSION

10  The instant civil rights complaint is DISMISSED for failure to state a cognizable
11  claim pursuant to 42 U.S.C. § 1983. Based upon the dismissal, Plaintiff's motion to
12  proceed in forma pauperis and motion for a temporary restraining order (docket nos. 2, 5)
13  are DENIED as moot. No filing fee is due. The Clerk shall terminate all pending
14  motions and close the file.

15    IT IS SO ORDERED.

16  DATED: 9/21/06    /s/jeremy fogel
                     JEREMY FOGEL
17                   United States District Judge

Order of Dismissal; Denying Plaintiff's Motions as Moot
P:\pro-se\sj.jf\cr.05\Jackson557dis

1 | A copy of this order has been mailed to:
2 |
3 | Fred Leon Jackson, Jr.
  | K-15359/ B-4 142-L
4 | Salinas Valley State Prison
  | P.O. Box 1050
5 | Soledad, CA  93960-1050
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Order of Dismissal; Denying Plaintiff's Motions as Moot
P:\pro-se\sj.jf\cr.05\Jackson557dis